**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,            No. CR S-98-0431-FCD-CMK
                                                              CIV S-04-2090-FCD-CMK
    Respondent,

  vs.                                                          <u>AMENDED ORDER</u>

JOHN WESLEY JINGLES,

    Movant.

_____/

       Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

       On August 24, 2007, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within 20 days. Objections to the findings and recommendations have been filed.[1]

---

[1] The objections by movant were filed on November 1, 2007, after they were forwarded to the court by respondent under cover of an October 31, 2007, letter. In its letter, respondent states that two copies of movant's objections were received in its office on September 20, 2007, and that it appeared that one of the copies was intended for filing with the court.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. In his objections, movant challenges the magistrate judge's findings and recommendations regarding his claims of ineffective assistance of counsel (Issues I, II, and III). Specifically, movant contends that the magistrate judge ". . . doesn't deny that petitioner failed any prong set forth in the Strickland test," and goes on to repeat his contentions regarding ineffective assistance of counsel. Contrary to movant's characterization of the findings and recommendations, the magistrate judge concluded that petitioner failed to meet the <u>Strickland</u> requirement that counsel's performance was deficient. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 690 (1984). In particular the magistrate judge concluded: "[B]ecause there would have been no legal basis for any of the things movant asserts counsel should have done . . ., counsel's performance could not have been deficient. . . ." <u>See</u> <u>United States v. Redd</u>, 759 F.2d 699, 701 (9th Cir. 1985).

Movant has also filed a document (Doc. 335 in the criminal docket) seeking "relief from this Honorable Court's recent decision on petitioner's 28 U.S.C. § 2255 motion" under Federal Rule of Civil Procedure 60(b)(1). Movant challenges the court's October 17, 2007, order, which was entered before movant's objections were submitted. Good cause appearing therefor, the request will be granted and the October 17, 2007, order shall be vacated.

Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's October 17, 2007, order (Doc. 332 in the criminal docket) adopting the magistrate judge's findings and recommendations is vacated;

2. The findings and recommendations filed August 24, 2007, are adopted in full;

3. Movant's motion pursuant to 28 U.S.C. § 2255 (Doc. 303 in the criminal docket) is denied; and

1          4.      The Clerk of the Court is directed to close companion civil case no. CIV
2  S-04-2090-FCD-CMK.
3  DATED: November 28, 2007.

                                        _____
                                        FRANK C. DAMRELL, JR.
                                        UNITED STATES DISTRICT JUDGE